# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JEREMIAH CARBER | : |
|     Plaintiff, | : |
| v. | : |
| | :   CIVIL ACTION NO. 24-cv-01898-JDW |
| UNIVERSITY OF WISCONSIN- | : |
| LA CROSSE | : |
|     Defendant. | : |

_____

### **PLAINTIFF JEREMIAH CARBER**

### **ORDER TO ENROLL PLAINTIFF INTO TERM-5  Come Fall 2025 Term**

Plaintiff brings to the Courts attention Two WISCONSIN laws.

§ **PI 34.018    Student recruitment, admission, and retention.**

And

§ **PI 34.023    Clinical program.** The educator preparation program's conceptual frame work shall include a clinical program that meets all of the following requirements:

Over and over the words "**Are developmental in scope and sequence"** are written
For : PI 34.023(1)(a)   and PI 34.023(2)(a)   and again PI 34.023(3)(a)

(https://docs.legis.wisconsin.gov/document/administrativecode/PI%2034.023(3)(a)  )

**1) Defendant offered a Resolution on October 11 2022, as stated**

"if you can identify a practicum school site and site-based supervisor that are ==reviewed and approved by UWL prior== to beginning any practicum experience, or ==if you are willing to complete your practicum experience at a placement in Wisconsin that is arranged by the University== at an approved school site, with a qualified site-based supervisor, ==I will reconsider your appeal and permit you== to complete your UWL program. "

**Please see Evidence E-2**

Plaintiff tried to agree to this written resolution offer but has never been able to contact Dr. Marcie Wycoff-Horn. Plaintiff tried repeatedly to speak to Dr. Marcie Wycoff, but her secretary will not connect the phone to Dr. Wycoff-Horn, and never has she emailed or phone Plaintiff back in order to discuss steps that are clear and within scope to complete Practicum requirements as stipulated in **§ PI 34.023**

2) According to § **PI 34.018,   Completion standards (main points outlined below in yellow)** stipulates clearly that the standards of completing the Student Prep Program shall be based on a "==cumulative grade point average of 3.0 on a 4.0 scale==.  Therefore, Plaintiff had met the completion standards and should have had the opportunity to participate in the Practicum course at Term 5.

This Law does say in section C "==Student proficiency levels shall be accessed through multiple measures over time== and culminate in assessment during student teaching, internships, or

practicums." But Defendant never said anything was wrong with Plaintiff during Terms 1 through 3 and the measured feedback from the GPA and comments beside grades given does not say anything was seriously wrong. Furthermore, the SIP is the only written feedback that complains about Plaintiff's written work. It is important to consider he had completed Term 4 with again positive teacher feedback along with high level grades.

**See Evidence WL-1**

3) According to [PI 34.023(1)(a)](PI 34.023(1)(a)) and [PI 34.023(2)(a)](PI 34.023(2)(a)) and again [PI 34.023(3)(a)](PI 34.023(3)(a)) The graduate level Education Prep Program was to be **"developmental in scope and sequence"** for Plaintiff, but this was not the case. Development stopped and sequence stopped because of the actions of Bill Gillespie. He was tenured and head of Department, so he used his power to force Plaintiff out of the program with a sudden SIP that did not follow precedence or proper dismissal rules. There was no real support or aid given as there was no probation or anything given to Plaintiff as he was being bullied out of the sequence in order to graduate from the program.

**See Evidence WL-1**

4) Plaintiff has not been able to talk to Dr. Marcie Wycoff-Horn and would like to finish his degree as soon as possible. Therefore, Plaintiff Orders the Courts to enroll Plaintiff into Term 5 as mentioned in the E-2 Evidence. This Court Order should amicably compel Defendant to coordinate and cooperate with Plaintiff regarding Enrolling for Term-5 and

giving him the tools necessary to accomplish the Practicum. If Plaintiff can find a suitable Sight Supervisor before Fall 2025, then Defendant will cooperate with said Supervisor to finish Practicum work, and any other details needed for Graduation. If Plaintiff cannot find a suitable candidate, then Defendant will offer 3 choices of a Sight Supervisor of which Plaintiff can interview beforehand and choose the one he best believes will be the best Supervisor to learn from come Fall 2025. Either way, this Court Order shall be in effect and binding as Plaintiff will be scheduling time of this Fall 2025 to finish this Clinical Educational Prep Program which was supposed to be finished by Summer 2022.

This Court Order is made on this _____Day of _____ 2025.


Signed _____


Honorable Joshua D. Wolson, of Eastern District of Pennsylvania

# Evidence WL-1

**PI 34.018   Student recruitment, admission, and retention.**
**(1)**  DIVERSITY. The entity shall create, submit to the department, and implement a written plan and provide sufficient resources to recruit, admit, and retain a diverse student body.
**(2)**  ADMISSIONS. The entity shall establish standards for admission, including requiring a background check prior to admission to an educator preparation program. A background check shall be completed by the entity no more than 6 months prior to the date of admission into the educator preparation program and include all of the following:
**(a)** The entity requesting the background check shall be responsible for establishing and implementing standards for acceptable conduct. The entity shall review the results of the background check conducted under this subsection and make an approval or denial determination in accordance with the standards established under this paragraph.
**(b)** The background check shall include a review of criminal conduct at the state and federal levels. This paragraph does not apply to individuals who do not reside in the United States for the duration of enrollment in an educator preparation program.
**(c)** Convictions for crimes which would lead to the automatic revocation of teacher licensure under s. 115.31 (2g), Stats., shall result in additional review prior to program admission.
**(3)**  GENERAL EDUCATION PROGRAM. The entity shall require a general education program as part of a bachelor's degree program or higher.
**(4)**  COMPLETION STANDARDS. The entity shall establish standards for completing each educator preparation program as follows:
**(a)** For educator preparation programs that do not require a master's degree, one of the following:
**1.** A minimum cumulative grade point average of 2.75 on a 4.0 scale.
**2.** Evidence other than grade point average by entities that use alternative measures of performance are in place. The measures shall be approved by the state superintendent.
**(b)** For educator preparation programs at the post-baccalaureate level, one of the following:
**1.** A minimum cumulative grade point average of 3.0 on a 4.0 scale.
**2.** Evidence other than grade point average by entities that use alternative measures of performance are in place. The measures shall be approved by the state superintendent.
**(c)** For all educator preparation programs, the proficiency level for the knowledge, dispositions, and performances that substantiate competence in the standards under subch. II. Student proficiency levels shall be accessed through multiple measures over time and culminate in assessment during student teaching, internships, or practicums.

**PI 34.023   Clinical program.** The educator preparation program's conceptual frame work shall include a clinical program that meets all of the following requirements:

**(1)** PRE-STUDENT TEACHING. Each student shall have onsite, supervised pre-student teaching clinical experiences which meet all of the following requirements:
**(a)** Are developmental in scope and sequence.
**(b)** Occur in a variety of school settings.
**(c)** Result in the student being able to demonstrate knowledge and understanding of the standards under s. PI 34.002, as demonstrated by the assessments required under s. PI 34.021.
**(d)** Evaluates each student's performance by using at least 2 written evaluations based upon observations by the cooperating teacher or the program supervisor. The written evaluations shall be kept as part of the student file required under s. PI 34.016 (3) (b).
**(2)** STUDENT TEACHING. For educator preparation programs leading to a teaching license, each student shall have student teaching experience which meets all of the following requirements:
**(a)** Is developmental in scope and sequence.
**(b)** Occurs in school settings.
**(c)** Meets the statutory requirements under s. 118.19 (3) (a), Stats.
**(d)** Provides the student opportunities to interact with and adapt instruction for children with disabilities.
**(e)** Assigns the student a cooperating teacher or team of cooperating teachers.
**(f)** Has one of the following durations:
**1.** For educator preparation programs leading to the student's first license under subch. VI, the student teaching shall be for full school days for a full semester of the cooperating school or the equivalent as determined by the state superintendent. Equivalency for the purpose of this subdivision shall include one of the following:
**a.** The length of the semester of the student's institution of higher education if the educator preparation program determines a student meets completion requirements. If an institution of higher education operates on a calendar other than semesters, the duration of student teaching shall be no less than 15 weeks.
**b.** Full days for a full semester of the cooperating school with an option to substitute teach for no more than 10 full days during the semester if agreed to by the educator preparation program. Short-term substitute teaching authorized under s. 118.19 (7m), Stats., may only occur in the classroom of the cooperating teacher and if the student possesses a substitute teaching license.
**c.** Half days for two full semesters following the calendar of the cooperating school if agreed to by the educator preparation program. For the purpose of subd. 1. c., two full semesters of student teaching must be completed within two years following the first day of the first semester of student teaching.
**d.** If an entity under ss. PI 34.006 (3) (a), (b), (d) or (e) operates on a calendar other than semesters, the duration of student teaching shall be no less than 15 weeks, if the educator preparation program determines a student meets completion requirements.
**e.** The duration identified in the program standards for an apprenticeship program in ch. 106, Stats., if approved by the department.
**2.** For educator preparation programs leading to the student obtaining an additional teacher license under subchs. VI or IX, the student teaching shall be for full days for a full semester of the cooperating school. Equivalency for the purpose of this subdivision, as determined by the state superintendent, is for a duration determined by the educator preparation program to be necessary for the student to gain the necessary clinical experience for the additional license.
**(g)** Results in the student being able to demonstrate greater knowledge and understanding of the standards under s. PI 34.002, as demonstrated by the assessments required under s. PI 34.020.

**(h)** Evaluates each student's performance using all of the following:

**1.** A minimum of 3 classroom observations, either in person or real-time virtual, by a program supervisor with relevant teaching experience. At least one observation shall be in person.

**2.** At least 3 written evaluations of each student based upon classroom observations by the cooperating teacher or a supervisor approved by the educator preparation program. At least one written evaluation shall be done by the cooperating teacher. The procedures for the written evaluations shall include conferences with the student, cooperating teacher, and program supervisor. The student shall determine which evaluations are available to prospective employers. The written evaluations shall be kept as part of the student file required under s. PI 34.016 (3) (b).

**(3)** PRACTICUM PROGRAM. For educator preparation programs leading to a pupil services or administrative license, the clinical program shall include supervised practicums in the area of licensure that meets all of the following requirements:

**(a)** ==Are developmental in scope and sequence.==

**(b)** Results in the student being able to demonstrate knowledge and understanding of the standards under subch. II, as applicable.

**(c)** Evaluates each student's performance using all of the following:

**1.** At least 2 written evaluations by the school-based supervisor for student-based observations. The written evaluations shall be kept as part of the student file required under s. PI 34.016 (3) (b).

**2.** At least 2 written evaluations by the program supervisor. The written evaluations shall be kept as part of the student file required under s. PI 34.016 (3) (b).

**3.** At least 2 conferences involving the school-based supervisor, the program supervisor, and the student.

**(4)** COOPERATING TEACHERS AND SCHOOL-BASED SUPERVISORS. The clinical program may only use cooperating teachers and school-based supervisors who meet all of the following requirements:

**(a)** Holds a valid Wisconsin license, or an equivalent license if the clinical program is located outside of Wisconsin.

**(b)** Volunteered for an assignment as a cooperating teacher or school-based supervisor.

**(c)** Has at least 3 years of teaching experience, including one year of experience at the current place of employment, or at least 3 years of pupil services or administrator experience, including one year of experience at the current place of employment.

**(d)** Has completed training in the supervision of clinical students and the applicable standards under subch. II.

## Fwd: Appeal of Dismissal from Educational Leadership/Director of Instruction Program

From:   Bill Reil (billreillaw@gmail.com)

To:     carber911@yahoo.com

Date:   Friday, October 14, 2022 at 10:03 PM GMT+8

Sincerely,
William C. Reil, Esquire
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635
http://BillReil.com
BillReilLaw@gmail.com


---------- Forwarded message ---------
From: **Bill Reil** <billreillaw@gmail.com>
Date: Wed, Oct 12, 2022 at 2:19 PM
Subject: Fwd: Appeal of Dismissal from Educational Leadership/Director of Instruction Program
To: <carber911@yahoo.com>


Sincerely,
William C. Reil, Esquire
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635
http://BillReil.com
BillReilLaw@gmail.com


---------- Forwarded message ---------
From: **Marcie Wycoff-Horn** <mwycoff-horn@uwlax.edu>
Date: Tue, Oct 11, 2022 at 7:00 PM
Subject: Re: Appeal of Dismissal from Educational Leadership/Director of Instruction Program
To: Jeremiah Carber <carber911@yahoo.com>, billreillaw@gmail.com <billreillaw@gmail.com>
Cc: Matt Lind <mlind@uwsa.edu>, Patricia Markos <pmarkos@uwlax.edu>


October 11, 2022

Jeremiah Carber via his Attorney
William C. Reil, Esquire
1420 Locust Street, Suite 420
Philadelphia, PA 19102

Re:  Appeal of Dismissal from Educational Leadership/Director of Instruction Program


Mr. Carber:

The Wisconsin Department of Public Instruction (DPI) has specific requirements around practicum experiences, with criteria for site-based supervisors and university supervisors according to Wis. Admin. Code

§ PI 34.023(4). Additionally, the University must approve the practicum site as one that aligns with the program expectations and outcomes. The site-based supervisor must be licensed in the United States and in the jurisdiction where your practicum experience will take place, they must oversee your practicum experience in-person, be familiar with the program and content standards, provide two written evaluations of performance using the evaluation tool provided by the program, and participate in two triad meetings (site-based supervisor, program supervisor and student). If you can identify a practicum school site and site-based supervisor that are reviewed and approved by UWL prior to beginning any practicum experience, *or* if you are willing to complete your practicum experience at a placement in Wisconsin that is arranged by the University at an approved school site, with a qualified site-based supervisor, I will reconsider your appeal and permit you to complete your UWL program. However, the practicum experience that you have identified does not follow what is outlined above and does not comply with the requirements of Wis. Admin. Code § PI 34.023(4). Therefore, until such time that a qualifying practicum experience is brought forward and approved, I must deny your appeal of dismissal from your program.

Sincerely,

*Marcie Wycoff-Horn*

Marcie Wycoff-Horn, Ph.D.
Dean, School of Education



**Marcie Wycoff-Horn, PhD**
Dean, School of Education
mwycoff-horn@uwlax.edu | 608.785.8134 | www.uwlax.edu/soe
235 Morris Hall | 1725 State Street, La Crosse, WI 54650
Pronouns: She/Her
*Please direct scheduling requests to* jkirkpatrick@uwlax.edu

